RICHARDSON *et al.* VS. SHELDON *et al.*

1. EVIDENCE. Whatever of testimony or proof a party submits to the consideration of the court and jury, he will not be allowed to object to, when his adversary seeks to use it, though it might have been excluded in the first instance if objection had been seasonably made.

2. RECORD OF ORGANIZATION OF SCHOOL DISTRICT. A certain school district had been organized and its boundaries defined, and the records of its proceedings being offered in evidence, from which it appeared that additional territory was embraced in it. *Held,* that the record should be admitted as the record of proceedings of the district, as town meetings had the power to change the boundaries of school districts as it was also shown that the clerk of the district had received from the town clerk a document prescribing such new boundaries for the district.

3. SCHOOL DISTRICT TAXES. Where a school district had been empowered by special act to vote a tax on the property in the district to the amount of $365, for particular purposes which was to be assessed by the trustees of the district, and collected by the collector as provided by law for the collection of taxes levied for the erection of school-houses, and the district had voted the tax at a meeting called for that purpose. *Held,* 1. The authority to the trustees to *assess* the tax vested in them the power to make a valuation of property for that purpose as well as to determine the sum which each property-owner was required to pay.

2. The amount of the tax as in fact assessed being fifteen cents less than $365, the fact that the tax list had been footed up, and would at the time it was offered in evidence foot up to a sum exceeding $365, did not render it void.

4. IMPLIED REPEAL. The provisions of a special act under which a tax is levied, are an implied repeal of all general laws restricting the powers of school districts, in conflict with the provisions of such special act.

ERROR to the District Court for *Rock* County.
The case is stated in the opinion of the court.
*J. H. Knowlton*, for plaintiff in error.
*Edward V. Whiton*, for defendant in error.

DUNN, C. J.   This was an action of trespass brought in the court below for taking the goods of the plaintiffs in error, against the defendants in error, who were trustees of school district No. 4, in the town of Janesville, county of Rock.   The record in the case presents these facts: On the 27th of December, 1843, the legislature passed a law authorizing "school district No. 4, in the town of Janesville, county of Rock, who are by law qualified to vote at a district meeting to vote for laying a tax on the property in said district to the amount of $365, for the purpose of erecting or purchasing a school-house in said district," which law provides in the second section of the act, "that the tax shall be levied on all the property in said district, real·and personal, except such as is by law exempt from execution, and except such as is owned by the said county of Rock."   In the third section it is further provided: "In case said inhabitants shall vote to lay said tax, it shall be lawful for the trustees of said district to assess said tax in manner as above provided, and the collector shall proceed to collect said tax. as is provided by law for the collection of taxes levied for the erection of school-houses."   A meeting of said district was called, and a majority of the voters present voted to lay or raise a tax of $365.   After the tax was voted the trustees valued the property, and laid a tax of the amount voted and authorized by the law, to which reference is made, and

VOL. I. — 40

issued a warrant for the collection thereof appended to the tax list made out by them on the assessment. The warrant commanded the collector of said district to collect the said tax, etc. On the trial the plaintiffs proved by the collector, William Goodlander, that he had taken the goods of the plaintiffs in error as averred in their declaration by virtue of a warrant to him directed by the said defendants in error, as trustees of said school district. That said defendants gave him no other directions than to collect according to law, if the taxes were not paid. The defendants on cross-examination asked the witness if he had the warrant referred to and spoken of in examination by the plaintiffs. The witness answered affirmatively and produced the warrant in court. After the plaintiffs proved the value of the property taken and rested, defendants offered to read the warrant and appended list produced by the plaintiffs' witness and referred to in his testimony on direct examination. The plaintiffs objected; the court overruled the objection and permitted the warrant and list appended to be read to the jury. Error is assigned on this ruling. It is useless to reiterate here what has been solemnly decided by this court in the case of *Southwick v. Berry, ante.* It is there laid down, on sufficient authority we think, that whatever of testimony or proof the plaintiff has brought to the consideration of the court and jury, he is not permitted to object to, when the defendant seeks to use or read it in his defense, even though it should and would have been ruled out if objected to at the proper time.

The court ruled correctly on this point.

The parties, by stipulation in this case, for the purpose of supplying a defective return of the record, agree that the warrant is in legal and proper form. Then, on general principles, there could exist no objection to the introduction of the warrant by the defendants, as it was to sustain their notice of justification.

The defendants produced and read the town record after proving it by the town clerk, which record described

the said school district No. 4.    They also produced and proved the record or book of minutes of the proceedings of said school district No. 4, by the clerk thereof, the reading of which was objected to for the reason that it shows on its face, that it is the record or book of entries of another and different district in its territorial limits, than that described as district No. 4, in the town record just read to the jury.    The clerk of the district, the witness on the stand, produced a paper, which he testified he had received from the said town clerk, it was received before the 10th January, and if made a part of the record would show the two districts described to be identical, whereupon the court overruled the objection and permitted the record to be read.    Error is assigned upon this ruling.

The town meetings may, by law, define and limit the school districts in the town.    They may change these limits as circumstances may require, and certify the alteration to the trustees of the district or their clerk, who may preserve the same on file as a part of the proceedings in relation to the district.    The production of this paper, with the district record or book of entries, would be sufficient evidence of the facts certified.    In addition the whole town record was before the court, and probably aided the determination of the court against the objection.    What the town record was, however, on this question, is not presented in the record of the case at bar. We see no error of the court in this ruling.

The plaintiffs objected to the reading of the district record, for the purpose of showing that a vote for the tax had been taken ; for the reason that the record shows that said district had voted, between the 9th of October and the 10th of January, 1844 (less than four months), $765 for the purpose of erecting or purchasing a schoolhouse.    The objection was overruled and the record read. This vote for a tax was under the authority of the special act referred to, and of course did not come under the restriction of the general law on the subject.    It was to relieve

against this restriction that the special law was passed. The court also ruled correctly on this point.

A paper in the hands of the clerk of the district was produced and proven by the clerk, containing an assessment of the tax — the paper contained a valuation made by the trustees, and the tax laid thereon, entered by the clerk under the direction of the trustees. It was further proven that the amount therein assessed was about fifteen cents less than $365, and that the list attached to the warrant was a copy of said paper. The plaintiffs objected to the reading, because the trustees were not authorized by law to assess the valuation of property to lay a foundation or create a basis upon which to assess or levy a tax of any kind. The court overruled the objection, and permitted the paper to be read. This is assigned as error. The act referred to provides : "That in case the inhabitants shall vote for said tax, it shall be lawful for the trustees of said district to *assess* said tax in manner as above provided." The counsel in argument said, there was no manner "above provided." We think he misunderstands the act ; the manner provided is to assess on " all property real and personal except such as is by law exempt from execution, and except such as is owned by the said county of Rock."

There is no difference of opinion about the meaning of *assess*, between classic and law writers. Its definition embraces valuation and charge or tax. " To charge a sum certain upon one, as a tax." " To fix the value of property for the purpose of being taxed." The legislature thus understood and applied the term. An authority to the trustees to assess, necessarily vests the power to value as the basis, as well as the power to fix the charge of a sum certain as a tax. And this interpretation could only be rebutted by an explanatory provision, referring directly, the valuation to other persons. The court also ruled correctly here.

General instructions were asked by the plaintiffs which were refused by the court. Some of these instructions

only reiterated objections taken and overruled by the court. We shall only notice such as presented new points.

The court was asked to instruct the jury "that if the tax list annexed to the warrant foots up more than $365, it shows on its face an excess of jurisdiction, and that the trustees are trespassers." The court refused this instruction properly. It is deciding the guilt or innocence of the defendants by a mere addition of figures, which may have been altered after the warrant left the hands of the defendants, or copied or carried out improperly; and would exclude from the consideration of the jury, striking facts in the case, tending to prove that the amount assessed was fifteen cents less than the $365.

The court was asked to instruct the jury: "That if they found that the vote of the district was not taken to lay a tax, then the trustees are trespassers." This was also correctly refused. The point was not raised in the testimony, and it would have been entirely unauthorized in the court to have thrown any doubt on the defense by such an instruction, against the facts proven by the district record before the court, as evidence that the vote had been taken. The instruction might have been right under a doubtful state of facts, but certainly not against positive proof.

This further instruction was asked: "That school districts cannot hold an annual meeting on any other day than the first Monday in October in each year, at which time they are authorized to vote in what manner future meetings are to be called or notified, and at no other time can they vote in what manner future meetings shall or may be called; unless at a meeting called in pursuance of law declaring that school districts or the electors thereof shall have the same powers as at the annual meetings. If you find that the meeting at which this tax was voted was called in pursuance of a vote taken prescribing the manner in which future meetings should be called, that these proceedings are void, unless that vote was passed at

an annual meeting of said district, or one having the same power, and that the defendants are trespassers." This instruction was also properly refused. The provisions of the school laws referred to, make general rules for the calling of district meetings for the transaction of the ordinary business of the school district. The special act quoted, which governs this whole case, does plainly dispense with various restrictions of the general law, and is an exception from the provisions, in many respects, of that law. It only requires that a vote of the inhabitants be taken on the laying of the tax. If it appears in the proofs that this vote was really taken, and the sense of the majority fairly expressed on the propriety of laying the tax, the requirements of this special act are satisfied. This sufficiently appears from the record or book of entries of the clerk of the district.

The judgment of the district court is affirmed, with costs. Ordered to be so certified to the district court.